IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GBUTU-KLA BEDELL** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**WASHINGTON METROPOLITAN AREA** )<br>**TRANSIT AUTHORITY, et al.** )<br>)<br>   **Defendants.** ) | Case Number: 1:05CV02238<br>Judge: Colleen Kollar-Kotelly |

### DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ("WMATA") REPORT ON THE DUTY TO CONFER CONFERENCE

COMES NOW the Defendant WMATA, by and through undersigned counsel, hereby submits its report pursuant to LCvR16.3 of the Local Rules because the Defendant was unable to contact and meet with the Plaintiff in this case because the Plaintiff's telephone was temporary disconnected.

   1. The Defendant believes that this case is likely to be disposed of by dispositive motion, namely Defendant's Motion to Dismiss and for Judgment on the Pleadings, which will be filed within the week of February 27, 2006 and that discovery and other matters should await a decision on Defendant's Motion to Dismiss and for Judgment on the Pleadings (hereinafter, "Motion for Judgment"), filed pursuant to FED. R. CIV. P. 12(c).

   2. No amendments are contemplated. The Defendant is hopeful that the factual and legal issues in this matter may be narrowed and/or agreed upon at the completion of discovery, if ordered.

   3. The Defendant does not agree to the assignment of a magistrate judge for all purposes, including trial in this matter.

    4. Defendant does not believe that there is a reasonable likelihood of settlement on the claims contained in the Complaint.

    5. Defendant does not believe that referral to ADR is appropriate at this stage, where it is contemplating and will file a Motion for Judgment in this case.

    6. Defendant submits that this manner may be resolved by the above mentioned Motion for Judgment. The Defendant suggests that any other dispositive motions by either party should be filed no later than forty five (45) days after the close of discovery, with any opposition filed thirty (30) days after the movant files and any reply should be filed fifteen (15) days after the opposition.

    7. The Defendant agrees to provide the initial disclosures required by FED. R. CIV. P. 26(a)(1) by March 13, 2006.

    8. The Defendant suggests that the period for discovery should be 180 days following the issuance of the Scheduling Order. The Defendant suggest the presumptive limits on interrogatories and depositions. See FED. R. CIV. P. 30(a)(2)(A) and 33(a).

    9. Not applicable.

    10. Not applicable.

    11. The Defendant states that there is no need for bifurcation in this matter.

    12. The Defendant suggest that the pretrial conference should not be set until after the Court's decision on any dispositive motion.

    13. Defendant believes that a trial date shall not be set until after the Court's decision on Defendant's dispositive motions, if not ruled in Defendant's favor.

    14. **Brief Statement of the Case and Statutory Basis for Defenses:** The Plaintiff has filed suit, *pro se*, against WMATA, former WMATA General Manager and CEO Richard White

and Metro Transit Police Detective Michael Hayden. The lawsuit is for alleged violations of Plaintiff's civil, constitutional and human rights stemming from an incident in which the Plaintiff, who showed up at WMATA headquarters on December 11, 2004, to take an examination to become a Metro Transit police officer, was frisked and banned from WMATA Headquarters after it was revealed that a Temporary Restraining Order ("T.P.O.") was filed against him by his ex-wife. The T.P.O., which was set to expire on December 14, 2004, did show that the Plaintiff should be considered armed and dangerous.

Defendant WMATA is filing a Motion for Judgment in this matter. WMATA, under Section 80 of the WMATA Compact, codified at D.C. CODE ANN. § 9-1107.01 (80) (2001) and the holdings in Beebe v. WMATA, 129 F.3d 1283 (D.C. Cir. 1997); Dant v. District of Columbia, 829 F.2d 69 (D.C. Cir. 1987); and Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997) has sovereign immunity for all governmental and discretionary decisions made by WMATA and its employees acting in a official capacity; for the operation of a police force; and the hiring and staffing decisions made by WMATA employees in their official capacity. Therefore, under Section 80 of the WMATA Compact, the Complaint shall be dismissed against WMATA, former General Manager and CEO Richard White and Detective Michael Hayden.

Respectfully submitted,

_____/s/_____
Michael K. Guss (#465171)
Assistant General Counsel
Washington Metropolitan Area Transit
Authority ("WMATA")

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Praecipe Entering Counsel's Appearance was mailed, this 24th day of February 2006, to:

Gbutu-Kla Bedell
P.O. Box 5284
Takoma Park, Maryland 20913

Pro Se Plaintiff

                                       /s/
                               Michael K. Guss