## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GBUTU-KLA BEDELL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case Number: 1:05CV02238** |
| | ) **Judge: Colleen Kollar-Kotelly** |
| | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY, et al.** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ("WMATA'S")MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

Defendant Washington Metropolitan Area Transit Authority (hereinafter, "WMATA"), through undersigned counsel, respectfully moves this Court, pursuant to FED. R. CIV. P. 12(c), for a judgment on the pleadings and to dismiss the instant action against former WMATA General Manager and CEO, Mr. Richard White, Detective Michael Hayden and WMATA, respectfully, for the failure of the Plaintiff to state a claim upon which relief can be granted, and as grounds for this Motion, Defendant WMATA respectfully submits the following:

1.  Plaintiff filed the above captioned suit against WMATA, former WMATA CEO and General Manager Richard White (" Mr. White") and Metro Transit Detective Michael Hayden ("Det. Hayden") alleging violations of Plaintiff's civil and constitutional rights, as well as a prayer for this Court to force WMATA to lift its ban on the Plaintiff taking the Metro Transit Police Officers Examination, a necessary prerequisite for

1

seeking employment as a Metro Transit Police Officer.  See Plaintiff's Complaint.

2.  The Plaintiff's Complaint should be dismissed against Mr. White and Det. Hayden because under Section 80 of the WMATA Compact, codified at D.C. CODE ANN. § 9-1107.01 (80) (2001), "WMATA officials, when exercising discretionary and or governmental functions and acting within the course and scope of their official duties, enjoy immunity from tort liability." See Beebe v. WMATA, 129 F.3d 1283 (D.C. Cir. 1997)

3.  Finally, Defendant WMATA is protected from the Plaintiff's allegations and claims for relief because of WMATA's sovereign immunity for the "performance of a governmental function." See Id.; See also Dant v. District of Columbia, 829 F.2d 69 (D.C. Cir. 1987) (Sovereign immunity for the exercise of a governmental function by WMATA under the WMATA Compact bars judicial remedies against WMATA for all torts, including invasions of federal civil rights committed by WMATA in the exercise of police functions); See also Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997) (WMATA immune from suit for negligence for the hiring, training and supervision of its personnel because such decisions are governmental functions.)

WHEREFORE, the Defendant WMATA respectfully requests judgment on the pleadings under FED. R. CIV. P. 12 (c) for the failure of the Plaintiff to state a claim upon which relief can be granted and as additional consideration respectfully refers this Court to WMATA's Memorandum of Law filed herein.

Respectfully submitted,


_____/s/_____
Mark F. Sullivan
D.C. Bar # 430876
Deputy General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2814


_____/s/_____
Michael K. Guss
D.C. Bar # 465171
Assistant General Counsel
WMATA-COUN
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-1468


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing WMATA's Motion to Dismiss and for

Judgment on the Pleadings was mailed, this 3rd  day of March 2006, to:


Gbutu-Kla Bedell
P.O. Box 5284
Takoma Park, Maryland 20913

Pro Se Plaintiff


_____/s/_____
Michael K. Guss

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GBUTU-KLA BEDELL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case Number: 1:05CV02238** |
| | ) **Judge: Colleen Kollar-Kotelly** |
| | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY, et al.** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WMATA'S MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

### Introduction

The Plaintiff alleges that on November 4, 2004, he received a letter that invited him to take a written examination for the Metro Transit police officer position that the Plaintiff had applied for earlier that year.  The Plaintiff was to take the examination on December 11, 2004 at 8:30 a.m.  See Plaintiff's unnumbered Complaint ¶ 1.  The Plaintiff alleges that he arrived to take the examination at 7:30 a.m. on the morning of December 11, 2004.  See Id. at ¶ 2.

The Plaintiff further alleges that he arrived at WMATA headquarters and entered the building passing through security at the entrance.  Plaintiff alleges that, once inside, Det. Hayden introduced himself and told the group of persons inside the building waiting to take the examination to form a single line if they had domestic abuse issues, child support, I.R.S. and/or credit issues.  See Id. at ¶ 3.

4

The Plaintiff alleges that when it was his turn to speak with Det. Hayden, the Plaintiff allegedly told the detective that he had a domestic violence charge and protective order filed against him that the Plaintiff claimed at the time was dismissed by Montgomery County.   The Plaintiff also stated that he owed back child support and back taxes.  See Id. at ¶ 4.

The Plaintiff alleges that upon giving Detective Hayden a copy of the Montgomery County judge's order dismissing the charges against him, Detective Hayden instructed the Plaintiff to surrender his driver's license in order for Detective Hayden to run a background check.  See Id. at ¶ 5.  The Plaintiff alleges that Detective Hayden ran the Plaintiff's license and that the Detective Hayden advised the Plaintiff that there was a current protective order on him that labeled the Plaintiff as being armed and dangerous. See Id. at ¶¶ 5 and 6.  The Plaintiff alleges that Detective Hayden frisked the Plaintiff for weapons, yelled at him in front of the crowd of people waiting to take the examination and escorted him out of the building.  See Id. at ¶¶ 7 and 8.  The Plaintiff was prevented from taking the written examination and was permanently banned from WMATA headquarters and/or from ever taking the Metro Transit Police Officers examination.

The Plaintiff alleges that he wrote Mr. White, who at the time was the General Manager and CEO of WMATA, to explain to Mr. White what had happened to him that day and to request a copy of "any and all documents pertaining to the information that labeled the Plaintiff as 'armed and dangerous.'" See Id. at page 15.  The Plaintiff alleges that Mr. White responded with a letter but refused to apologize to the Plaintiff.  See Id. at ¶ 12.

It should be noted that the Plaintiff attaches a letter from WMATA to his Complaint that states the reason for Detective Hayden's actions including the existence in the F.B.I. National Crime Information Center (NCIC) database indicating a Temporary Protection Order filed against the Plaintiff listing him as armed and dangerous.  The temporary protection order was set to expire on December 14, 2004- three days after the Plaintiff went to take the Metro Transit police officers examination.  See Id. at page 8.

The Plaintiff alleges that Detective Hayden violated his "civil rights, human rights, constitutional rights" by being frisked and permanently barred from taking the examination; by being humiliated in front of the persons there to take the examination and is seeking some form of unstated "justice" from this Court.  See Id. at ¶¶ 14 & 15.

## I. WMATA's Sovereign Immunity

Section 80 of the WMATA Compact, codified at D.C. CODE ANN. § 9-1107.01 (80) (2001) states, "[t]he Authority shall be liable for its contracts and for its torts and those of its...employees...committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory..., but shall not be liable for any torts occurring in the performance of a governmental function."  See D.C. CODE ANN., supra.

"Section 80 establishes a governmental proprietary test for deciding which of WMATA's activities may subject it to tort liability."  See McKethean v. WMATA, 588 A.2d 708, 712 (D.C. 1991).  Because the WMATA Compact is an Act of Congress, the question of whether an activity is proprietary or governmental is a question of federal law. See Sanders v. WMATA, 819 F.2d 1151, 1154 (D.C. Cir. 1987); Burkhart v. WMATA, 112 F.3d 1207, 1216 (D.C. Cir. 1997); Beebe v. WMATA, 129 F.3d 1283, 1287 (D.C.

6

Cir. 1997) ("Where Congress has not so provided, federal law governs the interpretation of Compact terms.")

There are two identifying tests for governmental functions under the WMATA Compact. See Burkhart at 1216. One, if an activity is a "quintessential governmental" function, such as "police activity," then it is within the scope of WMATA's sovereign immunity. See id. Second, for those activities that are not quintessential governmental functions, immunity depends on whether the activity is discretionary or ministerial. See id. "Only activities considered discretionary are shielded by sovereign immunity." Id.

"WMATA's police activities are an exercise of a 'governmental' function and hence lie outside the scope of section 80's waiver of sovereign immunity" See Dant v. District of Columbia, 829 F.2d 69, 74 (D.C. Cir. 1987). In Dant, the plaintiff filed suit against WMATA, WMATA police officer Joseph Lawrence and the District of Columbia complaining of false arrest and imprisonment; malicious prosecution and an section 1983 claim for deprivation of civil rights. The Court dismissed all but one section 1983 count against WMATA and the officer for abuse of process and negligent operation of the farecard system holding that Congress foreclosed judicial remedies against WMATA for all torts, including invasions of federal civil rights, committed by WMATA in the exercise of police functions upon a showing of probable cause. See Id. at 71.

It is also well established that the operation of a police force is a governmental function subject to sovereign immunity. See Morris v. WMATA, 781 F.2d 218, 220 (D.C. Cir. 1986). In Morris, the plaintiff filed suit against WMATA stating that his dismissal violated 42 U.S.C. § 1983 and the first and fourteenth amendments. The Court

upheld the dismissal of the plaintiff's claims stating that the operation of a police force, including, but not limited to the promulgation and enforcement of police regulations is a governmental function and such action is protected by WMATA's sovereign immunity. See Id. at 220.

A determination of whether a function is discretionary or ministerial is made by two inquires. See Beebe at 1287. The first inquiry is whether any statute, regulation or policy specifically prescribes a cause of action for an employee to follow. Id. If no course of action is prescribed, the Court must then determine whether WMATA's exercise of discretion is grounded in "social, economic or political goals." Id. See also Burkhart at 1217.

Although employment decisions are not quintessential governmental functions, decisions concerning the hiring, training and supervising of WMATA employees are discretionary in nature and immune from judicial review. See Beebe at 1287. Discretionary and governmental conduct by WMATA officials within the scope of their official duties enjoy absolute immunity from judicial remedy. See Id. at 1288.

In this regard, WMATA officials acting within the course and scope of their official duties when exercising discretionary functions like hiring, training and supervising WMATA employees and/or providing governmental functions like security and the operation of a police force, enjoy immunity from liability. See Id. at 1283.

8

## II. Immunity from Tort Liability for WMATA Employees Detective Michael Hayden and Richard White.

A. Richard White

It is clear from the Plaintiff's complaint that Mr. Richard White, the former

General Manager and CEO of WMATA, had nothing to do with the incident complained

of by the Plaintiff.  While it remains unclear, the Plaintiff seems to have filed suit against

Mr. White for his failure to apologize to the Plaintiff for the incident on December 11,

2004 or to re-invite the plaintiff to take the Metro Transit police officer's exam.  Mr.

Richard White, acting in his official capacity as General Manager and CEO of WMATA,

is entitled to absolute immunity for his decision to not intervene on the Plaintiff's behalf.

The decision by WMATA officials not to re-invite Plaintiff to take the Metro Transit

officer's examination was a discretionary decision and was properly made in the exercise

of WMATA's governmental functions involved in the operation of WMATA's police

force and whom to hire for that police force.  Therefore, Mr. Richard White must be

dismissed individually from this action.


B. Detective Michael Hayden

Detective Hayden was working in his official capacity as a Metro Transit officer

when he engaged the Plaintiff and subsequently discovered that the Plaintiff did have a

T.P.O. against him alerting officers that the Plaintiff was "armed and dangerous."

Detective Hayden had probable cause to at least frisk the Plaintiff for weapons and escort

the Plaintiff out of the building.  Under the holdings in Dant and Burkhart, the hiring,

9

training and supervision of candidates for the WMATA police force involve discretionary and governmental decisions that, when made in the course and conduct of a WMATA official's duties, are protected by sovereign immunity under Section 80 of the WMATA Compact.

Therefore, the decision to screen out the Plaintiff and bar him from taking the Metro Transit officer's exam, coupled with probable cause to frisk the Plaintiff for weapons as a result of the T.P.O. against the Plaintiff at the time of the incident, are governmental and discretionary decisions that were made in the course and scope of Detective Hayden's duties as a Metro Transit Police officer.  Therefore, Detective Hayden should be dismissed individually from this action.

## III. Claims Against WMATA Shall Be Dismissed Under The Doctrine Of Sovereign Immunity

The Complaint against WMATA shall be dismissed for the very same reasons mentioned above, namely, that the decision to not allow the Plaintiff to take the Metro Transit Police officers examination, to frisk the Plaintiff for weapons, to escort the Plaintiff out of the building and ban the Plaintiff from entering the building to take the police officers examination are discretionary and governmental decisions protected by Section 80 of the WMATA Compacts's sovereign immunity.

Detective Hayden's decision to frisk the Plaintiff for weapons and bar the Plaintiff from taking the police officers examination was an exercise of a police function and such a function is classified as a "governmental function" within the scope of WMATA's sovereign immunity.  See Dant at 74.

10

In addition, WMATA's decision not to re-invite the Plaintiff to take the police officer's examination was a decision concerning the hiring, training and supervision of WMATA employees that required judgments based on social, economic and political goals and was therefore a discretionary decision immune from judicial review.  See Burkhart at 1216.

Therefore, for the above considered reasons, the Complaint against WMATA should be dismissed.

### CONCLUSION

WHEREFORE, under Section 80 of the WMATA Compact, and the above mentioned decisions on the scope of WMATA's sovereign immunity, the Complaint should be dismissed individually against Richard White, and Detective Michael Hayden and against WMATA.

Respectfully Submitted,

_____/s/_____
Mark F. Sullivan
D.C. Bar # 430876
Deputy General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-2814

_____/s/_____
Michael K. Guss
D.C. Bar # 465171
Assistant General Counsel
WMATA-COUN
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-1468

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GBUTU-KLA BEDELL** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | )  **Case Number: 1:05CV02238** |
| | )  **Judge: Colleen Kollar-Kotelly** |
| | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

**<u>ORDER</u>**

Upon consideration of Defendant WMATA's Motion to Dismiss and for

Judgment on the Pleadings, the Opposition thereto, and good cause having been shown, it

is by the Court this _____ day of _____, 2006:

ORDERED, that the motion is GRANTED and the case is hereby dismissed with

prejudice as to all claims against Defendant Richard White, Defendant Detective Michael

Hayden and Defendant WMATA, as WMATA, and its employees, have sovereign

immunity for the governmental functions of its police force and discretionary decisions

for the hiring, training and supervision of WMATA employees.


                                                         _____

                                                     Judge Colleen Kollar-Kotelly

Copies to:

Mark F. Sullivan
Michael K. Guss
Assistant General Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C. 20001

Gbutu-Kla Bedell
P.O. Box 5284
Takoma Park, MD. 20913