UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gbutu-Kla Bedell, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-2238 (CKK) |
| | : | |
| Richard White, *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>MEMORANDUM OPINION</u>

In this action brought *pro se*, plaintiff sues the Washington Metropolitan Area Transit Authority ("WMATA"), WMATA's former General Manager and Chief Executive Officer Richard White, and WMATA Detective Michael Hayden for alleged violations of his civil and constitutional rights. The complaint arises from plaintiff's encounter with Detective Hayden in December 2004, when, as an applicant for the position of Metro transit police officer, plaintiff was barred from taking the prerequisite written examination. Asserting immunity, defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion and enter judgment accordingly.

I.  BACKGROUND

Plaintiff alleges that on December 11, 2004, he responded to WMATA's letter inviting him to take the written examination. Detective Hayden instructed candidates with histories of "domestic violence, child/spouse abuse, IRS, Credit, Child Support etc." to form a line. Compl. at 2. Plaintiff "briefly stated . . . that [he] had [a] domestic violence charge and protective order charge filed against [him]," which were dismissed by a Montgomery County judge. *Id*. He also

informed Hayden that he owed child support and back taxes. Hayden asked plaintiff to surrender his driver's license and "stepped out somewhere in the back." *Id*. at 2-3. When Hayden returned, he was "yelling and screaming at [plaintiff] to stand up and raise [] both hands up." *Id*. at 3. Hayden told plaintiff that a background check revealed an outstanding protective order from the District of Columbia "and that the order was to expired [*sic*] in two days and that the order labeled [plaintiff] as armed and dangerous." *Id*. Plaintiff presented the Montgomery County order clearing him of "all charges," but Hayden told him that the "orders [*sic*] came from D.C." *Id*. at 4. Hayden conducted a search of plaintiff's body and backpack, and "placed [plaintiff's] right hand in an uncomfortable [painful] position." *Id*. at 3. In addition to the pain, plaintiff alleges that he was humiliated and embarrassed by Hayden's treatment of him "in front [of] a group of strange people." *Id*. Allegedly, Hayden called plaintiff a liar and a criminal and escorted him out of the building into the rain. He told plaintiff that he was "permanently barred from taking the written examination and all future examinations." *Id*. at 4. Plaintiff went to the Metropolitan Police Department's First District Headquarters, which located no "criminal [*sic*] on my record." *Id*. at 5.

Plaintiff filed this action on November 17, 2005. He seeks an apology from WMATA, a lifting of the ban against him taking the written examination, and an unspecified amount of monetary damages. *Id*. at 6.

## II.  DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure authorizes any party to so move after the "pleadings are closed."[1]  Fed. R. Civ. P. 12(c). The legal standard is substantially the same as that for ruling on a motion to dismiss under Rule 12(b)(6). *Does I through III v.*

---

[1] The pleadings consist of the complaint and defendants' answer. *See* Fed. R. Civ. P. 7(a).

*District of Columbia*, 238 F. Supp.2d 212, 216 (D.D.C. 2002) (citations omitted).  Dismissal is appropriate only if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

      Pursuant to the WMATA Compact signed by Maryland, Virginia and the District of Columbia, WMATA "shall be liable ⋯ for its torts and those of its Directors, officers, employees and agents committed in the course of any proprietary function ⋯ but shall not be liable for any torts occurring in the performance of a governmental function.  The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority."  D.C. Code § 9-1107.01(80) (2001); *see Dant v. District of Columbia*, 829 F.2d 69, 71 (D.C. Cir. 1987) ("all torts [includes] invasions of federal civil rights").  "Although employment decisions are not quintessential governmental functions . . . decisions concerning the hiring . . . of WMATA employees are discretionary in nature, and thus immune from judicial review."  *Beebe v. Washington Metropolitan Area Transit Authority*, 129 F.3d 1283, 1287 (D.C. Cir. 1997) (quoting *Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir.1997)).  Defendants' therefore are immune from this lawsuit for conduct performed as part of the hiring process.

      To the extent that Detective Hayden's alleged conduct fell outside of the employment context, immunity shields him nonetheless because the complaint allegations indicate that he was performing police functions – a "quintessential" governmental function.  *Beebe*, 129 F.3d at 1287.  Plaintiff alleges that after surrendering his driver's license to Hayden, Hayden "stepped out somewhere in the back."  Compl. at 2-3.  When Hayden returned, he told plaintiff

3

that a background check revealed an outstanding protective order from the District of Columbia "and that the order was to expired [*sic*] in two days and that the order labeled [plaintiff] as armed and dangerous." *Id*. at 3.[2] Hayden therefore had sufficient probable cause to search plaintiff. *See Dant*, 829 F.2d at 75 ("When a transit officer has probable cause to make an arrest, he has absolute immunity from a subsequent civil suit for that action.").

For the foregoing reasons, defendants' motion for judgment on the pleadings is granted. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 5, 2006

---

[2] Plaintiff has attached to the complaint WMATA's response to his Freedom of Information Act request for information about the incident. It explains that Hayden had obtained information from the database of the FBI's National Crime Information Center, "indicating that there was an active Temporary Protection Order" against plaintiff and warning police officers that he "could be armed and dangerous." Compl. Att. 1.